HAMILTON v. CARRINGTON.

1. AMENDMENTS.—Where plaintiffs apply to the court within twenty days after answer served for leave to amend their complaint, they thereby waive their privilege to amend as of right, and submit their claim to the discretion of the court.
2. IBID.—ANCILLARY ADMINISTRATION.—An amendment to a complaint was properly refused where its purpose was to require an ancillary administratrix to account for assets received in her capacity as domiciliary administratrix, as she was so accountable only in the courts of the domicile.
3. ANOTHER ACTION—APPEAL.—The execution of a decree in a prior cause cannot be held by this court to be stayed by a subsequent action between the same parties, as to the same matters, where no such question was raised on Circuit.

Before IZLAR, J., Charleston, June, 1893.

Action by James Hamilton and others against Walter Carrington and others. To this action all persons claiming an interest in the intestate estate of S. Yates Levy, deceased, and also the sureties to the bond of Mrs. Cohen, now Carrington, under order of court in *Hamilton* v. *Levy, ante,* 374, were parties. The case came to this court on the following exceptions: 1. Because, in this case, his honor refused to allow the amendment to the complaint proposed by the plaintiffs, when appellant had a right to amend, of course, under the Code, twenty days not having elapsed from the serving of the answers. 2. Because, on the merits, the complaint should have been amended. 3. Because this action having been regularly commenced, and the defendants having filed their answers, the record filed in the clerk's office, and the case on the calendar, the court acquired jurisdiction ·of the subject-matter of the action. 4. That having acquired jurisdiction of the cause, it

25—41

could not hear a motion in the case of James Hamilton v. F. Y. Levy and others, to distribute the money in the master's hands, and thereby oust the jurisdiction of this action of the subject-matter of the suit.

*Mr. S. P. Hamilton,* for appellants.

*Messrs. Lord & Burke,* contra.

May 4, 1894.   The opinion of the court was delivered by

MR. JUSTICE POPE.   The defendants having answered the complaint, within twenty days after the service of such answers the plaintiffs asked leave to amend their complaint in certain particulars.   Such motion came on to be heard by Judge Izlar, who filed the following order refusing such motion: "The plaintiffs ask leave to amend their complaint by alleging: 1. That Emma L. Cohen, administratrix of S. Yates Levy, has received assets amply sufficient to pay the debts in Georgia, and is, therefore, not entitled to receive the funds now in the hands of Master Sass, belonging to the estate of S. Yates Levy.   2. That the administratrix wasted certain assets which came into her hands in Georgia, and especially certain insurance money received in Georgia.   The complaint states that Samuel Yates Levy was, at the time of his death, a resident of Savannah, in the State of Georgia, and that Emma L. Cohen had letters of administration granted to her upon the estate of the said S. Yates Levy, by the ordinary of Chatham County, in the State of Georgia, and also took out ancillary letters of administration in the Court of Probate for Charleston County.   These amendments are intended to make her account before this court for funds received in Georgia, as domiciliary administratrix. This cannot be done.   In his work on Executors and Administrators, paragraph 179, Mr. Schouler says: 'But as to administrators whose appointments are necessarily derived from different sovereign jurisdictions, there is no privity, and according to the universal American rule, so independent are different ancillary administrations of the principal administrator and of each other, that property and assets received in one forum cannot be sued for, or its application compelled in

another.' Mr. Wharton, in his work on Conflict of Laws, paragrah 616, says: 'The general rule is that the foreign administrator of a foreign intestate cannot be called to account, so far as concerns assets received by him in the land of his appointment, except in the State where he took out letters of administration. The tribunal from which he takes out letters is that to which he is distinctly amenable.' If Emma L. Cohen received assets of her intestate in Georgia which she had misapplied, the plaintiffs must seek redress in the courts of Georgia. Leave to amend is refused."

The plaintiffs appeal from this order. The first ground of appeal alleges, substantially, that under the Code they have the right to amend at any time within twenty days after answer served. A full answer to this objection is, that having waived this right, and applied to the Circuit Judge for leave to amend, they thereby submitted themselves to the discretion of the judge. It is too late now to complain.

The second ground sets up their right to amend on the merits. We are entirely satisfied with the reasons advanced by the Circuit Judge for his refusal of this motion.

As to the third and fourth grounds of appeal, relating as they do to the question of the jurisdiction acquired under their complaint, and the answers of the defendants thereto, no such question seems to have been considered by the judge on Circuit; he confined his order strictly to the application to amend the complaint. But how a second action could displace another previous action, commenced years before the second action was dreamed of, and which first action was still pending in the court after a decree pronounced therein, awaiting purely administrative orders to carry the decree into effect, we cannot see. But this matter also was not considered in the order appealed from. Let the exceptions appear in the report of this case. We find no error here.

It is the judgment of this court, that the appeal be dismissed, and the cause be remanded to the Circuit Court for such further proceedings, if any, that the parties may be advised are necessary or proper.